^Hitchcock, J.,
delivered the opinion of the court:
So far as l-espects the claim of the complainant, Sarah, to be endowed of the equitable interest of her late husband in the lands specified in the petition, it is easily disposed of. Section 1 of the •act of January 28, 1823, relating to dower, provides that a widow ■■shall be endowed of one-third part of all the lands of which her *419 husband was seized as an estate of inheritance .at anytime during the coverture; and one-third part of all the equitable interest in lands of which the husband was possessed ¡it the time of his death. There is no pretense but that the equitable interests in the case under consideration were disposed of by the husband in his lifetime; of course, to these the widow can have no claim. If there had been fraud in the sale of these equities, if the object had been to deprive thq wife of her claim -to dower, the case might have been different. But there is no proof of any fraud or of any such object or intention.
There is a great mass of testimony in the case, which it would be an arduous as well as useless task to recapitulate. It will be only necessary to state the facts as deduced from that testimony. But before doing this, it is proper to state that a part of the evidence introduced by the defendants consists of testimony to prove the declarations of Stearns, made after he had acquired title to the lands in which dower is claimed. A deed of release fromStearns to the Browns, in which he admits that he purchased the lands in trust for the Browns, with their property, and as their agent, has also been introduced. To the competency of this testimony the counsel for complainant objects, and insists that such admissions, made either by parol or by deed, can not operate to-defeat a widow of dower, and of this opinion are the court. It is true that the right of the widow to dower is derived from the husband, and in a certain sense she may be said to claim under hirmBut in some respects her interest is adverse to his. By the marriage and seizin of the husband she acquires an interest in the land, of which he can not'divest her. He can not do it by deed of conveyance, and it would be strange if he could by parol declaration. Declarations made by the husband, while contracting for the land, or at the time of purchase, may with propriety be proven; but declarations made subsequently must be excluded. In considering this case, therefore, we have rejected the admission in the deed of release above referred to, as well as all the other declarations of Stearns made after he became seized of the land.
*There is also another portion of the testimony which we have felt ourselves compelled to reject, consisting of the statements of Stearns relative to his connection with the Browns, and of the circumstances under which he was transacting business for them. Most of the testimony introduced by the complainants *420 consists of proofs of such statements; and, surely, if the right of the widow of Stearns can not be defeated by his statements, it can not be sustained by them.
Laying aside the testimony above referred to, and considering that part only which is competent, the following state of facts is proven :
Previous to the year 1824, Orris Stearns had been engaged in the clothing and cloth-dressing business, in Kentucky, and had failed. In that year, Jenks and A. C. JBrown established a store in Miamisburg, and employed Stearns as their agent or clerk, to take care of the same. He continued in their employ for a number of years, and was thus engaged when the lands in controversy were purchased. With the avails of the store the lands were in part paid for, and in part paid lor by the Browns themselves. Sterns also caused improvements to be made on some of the lots, and these improvements were paid for in the same manner as the lands.
An effort has been made by the complainants to establish the fact that there was a partnership existing between the Browns and Stearns, and there is testimony looking to that point. It consists, however, of loose declarations made by Jenks Brown, who is proved to have been a very intemperate man, and made, too, generally, if not uniformly, when he was intoxicated. There was a time, it is true, when there was an agreement in existence that Stearns should have the merchandise and all the other property if he would secure to the Browns its value; and during the existence of this agreement he carried on the store in his own name. This was after the purchase of the lands, and continued but for a short period, as Stearns failed in making the security. The weight of evidence is decisive that there was not, at any time, any partnership; and it is equally decisive that the land was paid for with the property of the Browns. Afterward, upon settlement, the deed of release was executed.
Here, then, is a case where an individual, intrusted with the property of another, disposed of the same and vested the avails in real estate in his own name; and his widow now claims dower in that real estate. It seems to the court to be a clear case of ^resulting trust, and that Stearns must be considered as holding the land in the character of a naked trustee. In such case is a widow entitled to dower ? Chancellor Kent says, “ as a general *421 principle, it. may be observed, that the wife’s dower is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of the title, and which would have defeated the husband’s seizin.” 4 Kent’s Com., 2 ed. 50. Inequity, at the inception of the title, this property was in the Browns, and a court of equity would have decreed to them a conveyance ; and in executing the release, Stearns done no more than a court of equity would have compelled him to do. At no time had he any beneficial interest in this property. He had merely a technical legal seizin. In the case of G-reen v. Green, this court say, in speaking of the widow’s interest in the estate of her husband, “ Her estate is but a part of his, is derived from him, and must be subject to all incumbrances existing against it at the time of the marriage, or the acquisition by the husband. The husband can by no act of his destroy or affect her right of dower where it has once attached, but it only attaches where he has a real beneficial interest in the lands, of which dower is claimed. Upon this principle it has been held, that the wife of a mere trustee was not entitled to dower in the trust estate, although the husband was at law seized of an estate of inheritance. A mere technical seizin of the husband, without any beneficial interest in the estate, will not entitle the wife to dower.” 1 Ohio, 535. If such are the principles of law, and that they are we have no doubt, then, in the case under consideration, the widow of Stearns is not entitled to dower, and the complainant’s bill must be dismissed.